United States District Court
Southern District of Texas
**ENTERED**
October 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EDGUAR ADRIAN LOPEZ DE LEON | § § | |
| VS. | § § | CIVIL ACTION NO. 5:25-cv-165 |
| HARLINGEN FIELD OFFICE OF IMMIGRATION AND CUSTOMS ENFORCEMENT AND REMOVAL OPERATIONS DIVISION *et al.* | § § § § § | |

## ORDER FOR ADVISORY

Edguar Adrian Lopez de Leon, an alien detained at the Rio Grande Processing Center in Laredo, Texas, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1 at 2, ¶ 1). In his petition, he named the following Respondents: Harlingen Field Office of Immigration and Customs Enforcement and Removal Operations Division, Kristi Noem, Pamela Bondi, Executive Office for Immigration Review, and the GEO Corporation (*see* Dkt. No. 1). Respondents collectively filed their response on October 17, 2025 (Dkt. No. 16). As explained below, the Court has independently identified a potential issue that may affect jurisdiction.

"Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically 'the warden of the facility where the prisoner is being held.'" *Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *1 (N.D. Ill. Oct. 7, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Whether a matter is "core" depends on the nature of the relief sought, and a request for release lies at the heart of traditional habeas jurisdiction. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Generally, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2

(S.D. Tex. May 19, 2021) (citing *Padilla*, 542 U.S. at 442), *report and recommendation adopted*, No. 1:20-CV-00141, 2021 WL 2457843 (S.D. Tex. June 15, 2021).

Here, Petitioner requests "that Respondents release Petitioner *or*, in the alternative, provide Petitioner with a bond hearing" (Dkt. No. 1 at 19, ¶ c (emphasis added)). Though framed in the alternative context, his primary sought relief is release, and, thus, Petitioner challenges his physical confinement. *See Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024); *Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL 2099201, at *1 (N.D. Tex. July 25, 2025). Yet Petitioner did not name the warden of his facility, the Rio Grande Processing Center, as a respondent in this action.[1] The closest he comes is by naming the GEO Corporation, which he claims is the "Warden of the Rio Grande Processing Center" (Dkt. No. 1 at 7, ¶ 21). A warden, as understood by federal regulations, is "the chief executive officer" of a federal prison or correctional institution. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (citing 28 C.F.R. § 500.1(a)); *see also Warden* 3b, Merriam-Webster (11th ed. 2025) (defining warden as "an official in charge of a prison"). The Court doubts GEO Corporation classifies under that definition.

Moreover, if GEO Corporation is a proper respondent, Petitioner has made no requisite showing that the Court may properly order a Florida corporation to act under the relevant statute. *See Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 183 n.8 (5th Cir. 2005) (citing *Padilla*, 542 U.S. at 434 n.7) (jurisdiction in the immediate custodian sense refers to personal jurisdiction). "[W]here the immediate custodian rule applies, the 'custodian's absence from the territorial jurisdiction of the [presiding] district court is

---

[1] To the Court's knowledge, the current warden of Rio Grande Processing Center is David Cole.

fatal to habeas jurisdiction.'" *Oklahoma v. Tellez*, No. 7:22-CV-00108-O, 2022 WL 17069132, at *2 (N.D. Tex. Nov. 17, 2022) (quoting *Padilla*, 542 U.S. at 445). Nonetheless, Respondents did not flag this issue *at all* in their response. Thus, because the Court's final order may require action by GEO Corporation, the Court seeks to ensure that its authority properly extends to that entity.

Accordingly, the Court **ORDERS** the parties to file a joint advisory addressing the above jurisdictional concerns by **Friday, October 24, 2025, at 3:00 p.m.**

It is so **ORDERED**.

**SIGNED** October 22, 2025.

_____
Marina Garcia Marmolejo
United States District Judge